UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LINDA ARELIS RODAS MAZARIEGOS,

                          Plaintiff,

     -against-

KING LAWRENCE PAWN SHOP INC.,
BRUCE BIERSACK, and ALIK PINHASOV,

                        Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
2:23-cv-07945 (JMA) (AYS)

FILED
CLERK

4/23/2025 3:23 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Linda Arelis Rodas Mazariegos for a default judgment against Defendants King Lawrence Pawn Shop Inc., Bruce Biersack, and Alik Pinhasov. (See Compl., ECF No. 1; ECF No. 36.) Plaintiff alleges that Defendants failed to: (1) pay her overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay her the applicable minimum wage pursuant to NYLL § 652; (3) provide her with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively; and (4) terminated her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against all Defendants and Plaintiff is awarded a default judgment in the amount of $214,833.56.

**I. DISCUSSION**

**A.    Defendants Defaulted**

The record reflects that all Defendants were properly served in this action but have ceased answering or appearing. (See Sept. 17, 2024 Order.) Defendants have also failed to respond to

the instant motion for default judgment. (See ECF No. 36.) Accordingly, the Court finds all Defendants in default.

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, those requirements are met.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the overtime, spread of hours, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3). See Guerrero, 2021 WL 4155124, at *2. Finally, the Court finds that the Complaint sufficiently alleges pregnancy discrimination against all Defendants pursuant to NYSHRL § 296. See Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 89 (E.D.N.Y. 2020).

**C.  Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an

2

inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $291,033.56 plus post-judgment interest against Defendants, jointly and severally, for violations of the FLSA, NYLL and NYSHRL. The record, which includes Plaintiff's declaration, establishes the following damages to a reasonable certainty:

  i.   $12,336.43 for unpaid overtime wages;
 ii.   $1,170.00 for unpaid wages;
iii.   $10,000.00 for wage notice and statement damages;
 iv.   $13,506.43 for liquidated damages;
  v.   $172,820.70 for lost wages.

This results in a damages award of $209,833.56.

Additionally, Plaintiff requests $31,200.00 in front pay and $50,000.00 in emotional distress damages. For the following reasons, however, the Court declines to award front pay and reduces the requested award for emotional damages.

First, in order to determine whether an award of front pay is appropriate under Title VII, the Court must consider "(1) whether reinstatement [is] either impossible or impracticable[;] (2) whether the plaintiff has a reasonable prospect of obtaining comparable employment; and (3) whether the calculation of front pay would involve undue speculation." Becerril v. E. Bronx NAACP Child Dev. Ctr., No. 08CIV.10283, 2009 WL 2611950, at *5 (S.D.N.Y. Aug. 18, 2009),

3

report and recommendation adopted sub nom. Becerril v. Ease Bronx NAACP Child Develpoment Ctr., No. 08 CIV. 10283, 2009 WL 2972992 (S.D.N.Y. Sept. 17, 2009). "Front pay is awarded 'in those situations where reinstatement is inappropriate and a plaintiff has been unable to find another job, and where the fact-finder can reasonably predict that a plaintiff has no reasonable prospect of obtaining comparable alternative employment.'" Morse v. JetBlue Airways Corp., No. 09-CV-5075, 2014 WL 2587576, at *3 (E.D.N.Y. June 9, 2014) (quoting Brady v. Wal–Mart Stores., Inc., 03–CV–3843, 2005 WL 1521407, at *7 (E.D.N.Y. Jun.21, 2005); see also Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1182 (2d Cir. 1996)).

Here, Plaintiff avers that she "was able to find a new job only on July 31, 2024." (ECF No. 37-12 at 4.) Plaintiff, however, fails to state how much she earns in her new employment, rendering it impossible for the Court to determine whether her new occupation is comparable in salary to her former job. The Court thus declines to award front pay for the "amount of the income that she lost by having to work at a [potentially] lower paying job." Kamiel v. Hai St. Kitchen & Co. LLC, No. 119CV05336, 2020 WL 1916534, at *5 (S.D.N.Y. Mar. 17, 2020), report and recommendation adopted, No. 19CIV5336, 2020 WL 1911193 (S.D.N.Y. Apr. 20, 2020), vacated in part, No. 19 CIV. 5336, 2022 WL 1591580 (S.D.N.Y. May 19, 2022).

Finally, the Court reduces the award Plaintiff seeks for emotional distress. The Second Circuit sorts emotional distress claims into three categories: "garden-variety," "significant" and "egregious." Rainone v. Potter, 388 F. Supp. 2d 120, 122 (E.D.N.Y. 2005) (citation omitted); Caravantes v. 53rd Street Partners, LLC, No. 09-CV-07821, 2012 WL 3631276, at * 22 (S.D.N.Y. Aug. 23, 2012) (same).

> In garden-variety claims, the evidence of emotional harm is limited to the plaintiff's testimony, which describes his or her injuries in vague or conclusory terms, and fails to relate the severity or consequences of the injury. These claims typically lack extraordinary circumstances and are not supported by medical testimony. Significant emotional distress claims are based on more substantial harm or offensive conduct and may be supported by medical testimony, evidence of

4

> treatment by a healthcare professional, and testimony from other witnesses. Egregious emotional distress claims yield the highest awards and are warranted only where the employer's conduct was outrageous and shocking or affected the physical health of the plaintiff.

Maher v. All. Mortg. Banking Corp., No. 06-CV-05073, 2010 WL 3516153, at *2 (E.D.N.Y. Aug. 9, 2010) (internal citations omitted). "'Garden variety' emotional distress claims lacking extraordinary circumstances and without medical corroboration generally merit $5,000 to $35,000 awards." Kamiel, 2020 WL 1916534, at *6 (quoting Najnin v. Dollar Mountain, Inc., No. 14-CV-0575, 2015 WL 6125436, at *3 (S.D.N.Y. Sept. 25, 2015)).

Plaintiff's description of her emotional distress is limited to two paragraphs of her affidavit. There, she states that "I felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination of the Defendants. As a result of the Defendants' actions, I felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed." (ECF No. 37-12 at 4.) Crucially, Plaintiff does not attest that she has suffered any physical symptoms and does not describe the severity or consequences of her emotional distress. These statements use the exact sort of vague and conclusory terms that define garden variety emotional distress claims. See Maher., 2010 WL 3516153, at *2. Accordingly, her emotional distress claims are garden variety claims. See Kamiel, 2020 WL 1916534, at *6; Jowers v. DME Interactive Holdings Inc., No. 00-CV-04753, 2006 WL 1408671, at *12 (S.D.N.Y. May 22, 2016) (collecting cases). Thus, the Court awards Plaintiff $5,000 for her emotional distress.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants King Lawrence Pawn Shop Inc., Bruce Biersack, and Alik Pinhasov are jointly and severally liable to Plaintiff for $214,833.56. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see <u>Martinez v. Dannys Athens Diner Inc.</u>, No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: April 23, 2025
Central Islip, New York

                                                                         /s/   (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE